UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
         v.                 ) NO. 13-cr-30038-MAP
                            )
RANDY RIVERA,               )
     Defendant.             )


         MEMORANDUM AND ORDER REGARDING DEFENDANT'S
                MOTION TO SUPPRESS EVIDENCE
                       (Dkt. No. 26)

                       October 3, 2014

PONSOR, U.S.D.J.

    This motion came on for argument on October 1, 2014. The court indicated what its ruling would be from the bench immediately following counsel's presentations. The reasons for the court's decision to deny the motion were set forth in detail orally. In sum, the court's rationale is as follows.

    Defendant offered three arguments in favor of suppression. Defendant's first argument, absence of probable cause, was the strongest. The agent's affidavit clearly supplied more than adequate evidence to support the conclusion that Defendant was involved in a long-term illegal drug trade. Moreover, the evidence was clear that he lived at the Merwin Street address that was the target of the search. The evidence in the affidavit was extremely

thin, however, in showing the connection between Defendant's drug trafficking and the Merwin Street residence.  Indeed, the strongest inference to be drawn from the evidence was that Defendant took pains to conduct his business, largely if not completely, from a different site on Beaumont Street.

The question arose at argument as to whether clear evidence of an individual's drug dealing and clear evidence that the individual lived at a certain address, coupled with the expressed opinion of the affiant, based on his lengthy experience as an investigator of drug-related crimes, that drug dealers generally secrete evidence of their illegal activities or the products of these illegal activities in their residences, are sufficient to justify a search of the drug dealer's home.  On the one hand, it is unsettling to conclude that the homes of persons who deal drugs are, based on their business alone, subject to search.  On the other hand, common sense tells us that, where an individual engages in extensive drug trafficking, probable cause exists to conclude that evidence of that trafficking or the fruits of that trafficking may be found in the residence.

It is not necessary, as the court found in its oral remarks, to address that conundrum in this case.  Regardless of whether the showing of probable cause was sufficient, the agents clearly respected their obligation to apply for a

warrant before proceeding with the search. All the evidence at their disposal, as far as the record demonstrates, was contained in the lengthy affidavit, and there is no evidence of any bad faith on the part of the agent in making his application. Once the court reviewed the affidavit and, rightly or wrongly, concluded that the showing of probable cause was adequate, the agents proceeded with the search as authorized. Under these circumstances, the Supreme Court's decision in <u>United States v. Leon</u>, 468 U.S. 897 (1984), controls. <u>Leon</u> holds that an agent's good faith may insulate the fruits of an otherwise improper search from suppression, even where probable cause is lacking. <u>See also</u> <u>United States v. Woodbury</u>, 511 F.3d 93, 99 (1st Cir. 2007). Given the absence of any bad faith, and the clear authorization provided by the warrant, Defendant's Motion to Suppress must be denied on this ground.

The second argument favoring suppression is far weaker. The agent's reference to "data base checks" at paragraph 19 of the affidavit is not in any way misleading. Moreover, the reference merely supports the conclusion that Defendant lived at Merwin Street, a point of information that is strongly supported by other, independent information contained in the affidavit. Thus, no ground exists for suppression based upon the agent's inclusion of false or

misleading information in the affidavit, and no further hearing is justified pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

The third rationale for suppression is the weakest of all. Nothing in the search warrant could be described as overbroad or lacking in particularity. Searches related to drug investigations must necessarily be somewhat broad, since physical evidence and documentary material of a wide variety may be pertinent to the investigation.

For all these reasons, the court hereby DENIES Defendant's Motion to Suppress. Counsel will appear again before this court on November 5, 2014, at 3:30 p.m. for a status conference to determine the direction of this case in light of the court's ruling.

It is So Ordered.

    /s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge